UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT BLECHINGER, | ) | Civ. 12-4004-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION FOR |
| | ) | LEAVE TO PROCEED IN FORMA |
| SIOUX FALLS HOUSING AND | ) | PAUPERIS AND DISMISSING |
| REDEVELOPMENT COMMISSION; | ) | CASE |
| and KEVIN VANPEURSEM, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Robert Blechinger, has filed a pro se lawsuit against defendants Sioux Falls Housing and Redevelopment Commission (Sioux Falls Housing) and Kevin VanPeursem. Blechinger moves for leave to proceed in forma pauperis in his lawsuit against defendants.

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Based upon his affidavit, Blechinger's sole income is derived

from disability payments of $698 per month. Accordingly, Blechinger has made the requisite financial showing to proceed in forma pauperis.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are "(i) frivolous or malicious; (ii) fail to state a claim on which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b).

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Finally, although

2

pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

## DISCUSSION

Blechinger asserts that Sioux Falls Housing is wrongfully withholding a federal housing subsidy to which he is entitled. Blechinger alleges that Sioux Falls Housing failed to inspect his apartment from 1997 until 2009, resulting in his apartment being unable to meet the Housing Quality Standards established by the Department of Housing and Urban Development (HUD); that Sioux Falls Housing made false statements to HUD that he smoked in his apartment, and that Sioux Falls Housing has misrepresented its ability to allow him to maintain his housing subsidy while he attempts to clean his apartment and bring it into compliance with the Housing Quality Standards. Blechinger seeks an order compelling Sioux Falls Housing to immediately approve and begin paying his housing subsidy while he attempts to clean his apartment and bring it into compliance with Housing Quality Standards and an order compelling Sioux Falls Housing to pay the arrearages for his housing subsidy, which he estimates total $6,000.

The dispute between Blechinger and Sioux Falls Housing was the subject of an earlier lawsuit. *See* Civ. 11-4069. This court granted summary judgment

3

in favor of Sioux Falls Housing on November 29, 2011. *See* Civ. 11-4069, Docket 24. Blechinger's earlier lawsuit contained the same allegations against Sioux Falls Housing and sought the same relief.

Blechinger's claims against Sioux Falls Housing are thus barred by res judicata. *See, e.g., Wintermute v. Kansas Bankers Surety Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011). "Under res judicata, a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action." *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003). For res judicata to apply, four requirements must be met. The decision must be (1) a final judgment on the merits, (2) based on proper jurisdiction, (3) between the same parties, and (4) based on the same claims or causes of action. *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). The first requirement is met here because res judicata applies to all final claims, even if other claims within a case remain alive. *See Lair v. Oglesby,* 14 F.3d 15, 17 n.2 (8th Cir. 1993). Blechinger does not dispute that jurisdiction was proper. Moreover, the same parties were involved. Finally, the present case centers around the same claims and causes of action. Blechinger has, therefore, failed to state a claim upon which relief may be granted and his complaint is subject to dismissal under 28 U.S.C. § 1915(e).

Blechinger's claims against VanPeursem are also subject to dismissal. Blechinger claims that VanPeursem changed the locks on his apartment door

"without any Due Process or legal procedure whatsoever." Docket 1 at 4. Blechinger alleges that VanPeursem has stated "his intention to file a fraudulent action to evict Plaintiff, claiming Plaintiff owes him the entire balance of the Housing Subsidy Payments, knowingly, willfully, and maliciously withholding the fact that those payments are the subject of this and the original Action against Defendant Sioux Falls Housing which was filed in May of 2011." *Id.* at 4-5. Blechinger asserts that VanPeursem's actions "constitute a clear and continual pattern of harassment, retaliation, and intimidation in violation of federal criminal statutes 42 U.S.C. § 3617 and 42 U.S.C. § 3631." *Id.* at 5.

Section 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606." Prior to 1988, this section was enforceable through a civil action. But in 1988, Pub. L. No. 100-430 deleted the phrase, "[t]his section may be enforced by appropriate civil action." Thus, there is no private right of action under § 3617 and Blechinger's complaint fails to state a claim upon which relief may be granted. Thus, it is subject to dismissal pursuant to 28 U.S.C. § 1915.

Blechinger next claims that VanPeursem has violated 42 U.S.C. § 3631. Section 3631 makes it a crime to attempt to interfere with a person's housing rights "by means of force or threat of force resulting in bodily injury." But neither Blechinger nor this court can charge VanPeursem with a crime.

5

"Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion." *Smith v. Powers*, No. 98-1832, 1998 WL 355818 (N.D. Cal. June 18, 1998) (prisoner § 1983 lawsuit requesting criminal charges against jailer dismissed on screening). *See also Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *United States v. Batchelder,* 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). If a party believes criminal charges are appropriate, the federal district court is not the proper entity to initiate those proceedings. *Smith*, 1998 WL 355818 at n.1.

      Nor does section 3631 of the Fair Housing Act (FHA) create a private right of action. A criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute. *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere). Although it is a question of first impression in the Eighth Circuit Court of Appeals, courts confronted with the issue have uniformly held that there is no private right of action for a violation of this section of the FHA. *See McZeal v. Ocwen Financial Corp.,* 252 F.3d 1355 (5th Cir. 2001) (holding that there is no private right of action under § 3521); *Jack v. Stubblefield*, No. 09-

00046, 2009 WL 1809931, at *2 (W.D. Va. June 22, 2009); *Edington v. Yavapai Cnty.*, No. 05-4227, 2008 WL 169719 at *5 (D. Ariz. Jan. 15, 2008); *Batchelor v. Village of Evergreen Park*, No. 03-5337, 2004 WL 756193 (N.D. Ill. Feb. 25, 2004). *See also Latinos Unidos de Chelsea en Accion (LUCHA) v. Secretary of Housing & Urban Development,* 799 F.2d 774, 792–93 (1st Cir. 1986) (finding no private right of action against HUD under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601–3631, for failing to enforce anti-discrimination provisions against a town charged with discriminating against minorities in housing, particularly in light of the multi-faceted enforcement scheme expressly set out in the statute). Thus, this court concludes that there is no private right of action under § 3621. Blechinger has, consequently, failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that Blechinger's motion to proceed in forma pauperis (Docket 3) is granted.

IT IS FURTHER ORDERED that Blechinger's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Dated January 20, 2012.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        CHIEF JUDGE